```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

SILEYE DIA,                         :

         Petitioner,                :

         - v. -                     :     07 Civ. 3570
                                          [04 Cr. 572 (LAK)]
UNITED STATES OF AMERICA,           :

         Respondent.                :

- - - - - - - - - - - - - - - - - -X
```

**GOVERNMENT'S MEMORANDUM OF LAW
IN OPPOSITION TO SILEYE DIA'S
SECTION 2255 MOTION**

                                       MICHAEL J. GARCIA
                                       United States Attorney for the
                                       Southern District of New York
                                       Attorney of the United States
                                             of America

STEPHEN A. MILLER
Assistant United States Attorney
- Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
SILEYE DIA,                         :

         Petitioner,                :

    - v. -                          :    07 Civ. 3570
                                         [04 Cr. 572 (LAK)]
UNITED STATES OF AMERICA,           :

         Respondent.                :
- - - - - - - - - - - - - - - - - -X
```

**GOVERNMENT'S MEMORANDUM OF LAW
IN OPPOSITION TO SILEYE DIA'S
SECTION 2255 MOTION**

The Government respectfully submits this memorandum of law in opposition to Sileye Dia's motion pursuant to Title 28, United States Code, Section 2255.

Sileye Dia ("Dia") pleaded guilty on January 13, 2005, to conspiring to conduct an unlicensed money transmitting business, in violation of Title 18, United States Code, Sections 371 & 1960. Following a *Fatico* hearing, this Court sentenced Dia to 60 months' imprisonment on April 26, 2005. Judgment was entered on or about May 9, 2005. The Second Circuit rejected Dia's direct appeal in an unpublished decision dated December 21, 2005. *See* 2005 WL 3528885. The Supreme Court of the United States denied Dia's writ of certiorari on April 17, 2006. 126 S. Ct. 1820 (2006).

Now, in a petition under 28 U.S.C. § 2255, Dia argues that his sentence should have been lower for reasons that he did not raise on direct appeal: (1) that he should not have received a

4-point enhancement for his leadership role; (2) that he should have received an additional 1-point reduction for acceptance of responsibility; (3) that his family's medical conditions justified a lower sentence; and (4) that "financial hardship" likewise justifies a lower sentence.

First, Dia's claims are procedurally barred, and he cannot establish both "cause and prejudice" (or a fundamental miscarriage of justice) for this defect.  Second, his sentencing claims are not cognizable under Section 2255.

**I.  Dia's Claims Are Procedurally Barred**

Dia's failure to raise his claims on direct appeal operates as a procedural bar.  Settled precedent establishes that federal prisoners may not employ the habeas statute as a substitute for direct appeal.  See, e.g., United States v. Frady, 456 U.S. 152, 165 (1982); Addonizio, 442 U.S. at 184-85; Hill, 368 U.S. at 428-29; Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993).  As the Supreme Court explained in United States v. Frady, "[o]nce the defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum."  456 U.S. at 164; see also Jimenez v. Walker, 458 F.3d 130, 149 (2d Cir. 2006) (holding that claims not raised on direct appeal are procedurally barred).

Thus, when a petitioner fails to raise a claim on direct appeal, he cannot obtain any relief under Section 2255 unless he can show <u>both</u> (i) good cause for failing to raise the claim on direct appeal; and (ii) "actual prejudice" resulting from the challenged error.  <u>Frady</u>, 456 U.S. at 167-68; <u>Campino</u> v. <u>United States</u>, 968 F.2d 187 (2d Cir. 1982).

Dia has failed to satisfy either element of that test. With respect to "cause," even if he or his attorney failed to raise an issue on appeal as a result of ignorance or inadvertence -- which is not claimed -- such an excuse, without more, does not establish "cause."  <u>See</u> <u>Coleman</u> v. <u>Thompson</u>, 501 U.S. at 722, 750 (1991) ("[<u>Murray</u> v.] <u>Carrier</u> applied the cause and prejudice standard to the failure to raise a particular claim on appeal. There is no reason that the same standard should not apply to a failure to appeal at all"); <u>see also</u> <u>Murray</u> v. <u>Carrier</u>, 477 U.S. 478, 486 (1986) ("the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default").

Not only is Dia unable to establish cause, but he is also incapable of demonstrating that he was prejudiced by the failure to raise these claims on appeal.  None of the alleged errors would have impacted the Court's sentence.  First, even if Dia is correct that there was *another* leader in his criminal organization, that

does not preclude a 4-point leadership enhancement for him. *See, e.g., United States v. Burgos*, 324 F.3d 88, 92 (2d Cir. 2003) (under Section 3B1.1(b), defendant need only manage or supervise one other person, so long as criminal activity itself involved at least five participants); *United States v. Zichettello*, 208 F.3d 72, 107 (2d Cir. 2000) (a defendant may qualify for even the highest adjustment of four levels, so long as he organized or led even one participant); *see also United States v. Payne*, 63 F.3d 1200, 1212 (2d Cir. 1995) (under Section 3B1.1(b), defendant need only manage or supervise one other person, so long as criminal activity itself involved at least five participants).

Second, Dia is wrong to assert that he was entitled to an extra point for acceptance of responsibility because his guilty plea was delayed by *one day* by the failure of a translator to appear in court. Dia chose to plead guilty on the final business day prior to the start of his trial. Even if he had pled guilty one day earlier, he would not have been entitled to any credit under U.S.S.G. § 3E1.1(b) because his eleventh-hour guilty plea did not spare the Government the effort and expense of preparing for trial.

Third, Dia's family circumstances and financial hardship were expressly considered by the Court at sentencing. The Court heard all of the testimony from Dia and other witnesses at the *Fatico* hearing about his/their difficult lives, and the Court

reviewed the Probation Department's detailed summaries of the relevant "family circumstances" affecting both Sileye Dia and his family. The Court also listened to Dia's personal plea of leniency at his sentencing. In short, Dia's difficult family circumstances were not a "surprise" to this Court.

In imposing sentence, the Court indicated that it had considered all of these circumstances under the rubric of 18 U.S.C. § 3553: "In imposing both sentences [for Dia and co-defendant Jacob Jah], I have considered the sentencing guidelines and the factors set forth in 18 U.S. Code 3553(a), 3572(a), and 3664(a), and determined that this sentence best serves all of the objectives of sentencing." 4/26/05 Tr. at 54. In fact, this Court underscored that it would have imposed the same 60-month sentence even without resort to the Sentencing Guidelines (and any downward adjustment to the applicable Guidelines range): "And I also want to be clear that . . . I have concluded that the sentences that I have proposed are the appropriate sentences, and I would reach the same results in any case in light of *Booker*, under which I would have discretion to come to the same point regardless of the precise details of the guideline computation. *And I would.*" *Id.* at 57 (emphasis supplied).

Thus, <u>none</u> of the alleged errors had any effect on his ultimate sentence. Dia cannot -- and does not -- carry his burden

of establishing that "the result of the proceeding would have been different" if these claims were raised in earlier proceedings.

**II. Dia's Sentencing Claims Are Not Cognizable Under Section 2255.**

It is well-settled that Section 2255 is not a vehicle for review of every aspect of a criminal case, but instead provides a remedy only for defects that are constitutional, jurisdictional, or in some other respect fundamental. United States v. Addonizio, 442 U.S. 178, 185 (1979); Davis v. United States, 417 U.S. 333, 346 (1974); Reilly v. Warden, FCI Petersburg, 947 F.2d 43, 44 (2d Cir. 1991). Non-constitutional errors of law, including the sentencing errors alleged by Dia, "do[] not provide a basis for collateral attack [under Section 2255] unless the claimed error constitute[s] 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. at 185 (quoting Hill v. United States, 368 U.S. 424, 428 (1962)); see also Brecht v. Abrahamson, 507 U.S. 619, 634 n.8 (1993).

Applying this stringent standard, the Second Circuit has stated that a challenge to the application of the Sentencing Guidelines is not properly cognizable in a 2255 motion where the claim has not previously been raised on direct appeal:

> [C]ollateral attack on the final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, on an error of law or fact that constitutes "fundamental defect which inherently results in a miscarriage of justice." . . . Insofar as

> claims regarding a sentencing court's error in failing to properly apply the Sentencing Guidelines are neither constitutional nor jurisdictional, we join several other circuits in holding that, absent a complete miscarriage of justice, such claims will not be considered on a § 2255 motion where the defendant failed to raise them on direct appeal.

Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (internal citations omitted). Thus, Dia's claim that the Court calculated his sentence incorrectly is neither constitutional nor jurisdictional and does not approach the type of "fundamental defect which inherently results in a complete miscarriage of justice [or] omission inconsistent with the rudimentary demands of fair procedure." Hill, 368 U.S. at 428.

## CONCLUSION

Because Dia's claims are procedurally barred and not cognizable under 28 U.S.C. § 2255, his petition should be denied without a hearing.

Dated: May 17, 2007
       New York, New York

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York

                              By:_/s/_____
                                 STEPHEN A. MILLER
                                 Assistant United States Attorney
                                 Tel.: (212) 637-2210

7

CERTIFICATE OF SERVICE

      STEPHEN MILLER deposes and says that he is an Assistant United States Attorney in the office of the United States Attorney for the Southern District of New York.

      That on the 17th day of May, 2007, he served one copy of the within Government's Memorandum Of Law In Opposition to Sileye Dia's Section 2255 Motion by causing one copy of same to be delivered by First Class Mail to:

> Sileye Dia
> Reg. No. 66322-061
> MVCC Unit D-1
> P.O. Box 2000
> Philipsburg, PA 16866

      I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. § 1746.

_/s/_____
STEPHEN A. MILLER